## JONES v. PENNSYLVANIA R. CO.
### Civil Action No. 5436.

District Court, E. D. Pennsylvania.
May 12, 1947.

856

Richter, Lord & Farage, by Joseph S. Lord, III, all of Philadelphia, Pa., for plaintiff.

Barnes, Dechert, Price, Smith & Clark, by Owen B. Rhoads, all of Philadelphia, Pa., for defendant.

GANEY, District Judge.

The plaintiff was an employee of the defendant, working on engines and tenders in its engine house at Conemaugh, Pennsylvania. The engine house is a half-moon shaped structure, open on the inside, with seventeen tracks, all of which lead into the engine house, and which operate on a turntable making it possible to place an engine on any one of the seventeen stalls. Inside the engine house, the tracks run over pits three and one-half to four feet deep, made of brick, stone and concrete. On the turntable side of the engine house are large doors, sixteen feet high and weighing about three hundred pounds. There are two doors to each track which join in the center when closed, and when open, go flush against the doors on the adjoining tracks. The doors are provided with hooks and eyes, so that when they are opened, they may be secured from swinging or blowing shut. There was evidence to show that it was the duty of the operator of the turntable to see that the doors were hooked when open, and further that the plaintiff had nothing to do with their being fastened.

At about 2:30 P.M. on March 31, 1945, the plaintiff had finished his work on an engine and was proceeding to another stall to see if the engine he was to work on was ready, and in so doing, he was walking along a catwalk over the pit, when one of the large doors blew out and struck him, it being a windy day, just a few steps after another door had swung open missing him. He was shoved into the pit, managed to crawl out and went home, and reported for light work the next day and has been unable to do any work since. He was 38 years old at the time and had earned approximately Twenty Five Hundred Dollars ($2500) in 1944 and by reason of additional wage increases he would be earning around Three Thousand Dollars ($3,000) presently.

One of the defendant's grounds for a new trial is that the verdict was against the evidence and against the law, since it is contended the plaintiff's own contributory negligence was not taken into consideration by the jury in mitigation of damages. An examination of the record is not convincing that this is the case. The question of mitigating the damages was fully outlined to the jury by the court and since no objection was made to the Trial Court's charge, nor was request made to modify or amplify its statements with respect to contributory negligence, it is evident that the jury took into consideration all aspects of the case, the question of the defendant's negligence and the question of plaintiff's contributory negligence.

Additional objection is made to the admission into evidence of the life expectancy of the plaintiff on the ground that there was no competent evidence of disability. The answer to this objection is that the record shows that the testimony of the family physician, Dr. Bergstein, and the testimony of Dr. Wycis, both testified as to the permanency of the injury. It was accordingly for the jury to believe the testimony of these doctors with respect to the permanency of the plaintiff's injury or to disbelieve it and believe the testimony of the defendant's medical testimony which indicated that there was no permanency to plaintiff's condition. Here again there was no objection made to the charge of the Court with respect to the life expectancy of the plaintiff or request to modify or amplify the same.

The next ground stated for a new trial is the Court's statements in its charge: "* * * you must decide whether, in your judgment, having heard the doctors' testimony, he will ever be able to work.

The fact is now that he has not been able to work. You will have to determine how long he will be unable to work * * *." Upon completion of the charge, counsel for the defendant brought to the court's attention that there was no definite medical testimony to the effect that he would never be able to work and, the court instructed the jury that it was his recollection that there was no such medical testimony, and if such was the fact, it should not be considered. No prejudicial error was committed by the Court in regard thereto, as ample explanation was offered by the court and taking into consideration the rest of the charge relative thereto, no substantial error was occasioned.

Complaint is also made to the excessiveness of the verdict, which was Thirty Thousand Dollars ($30,000). Considering the fact that there was testimony that he will never have a normal back; that he was suffering from fractures of the tenth, eleventh and twelfth dorsal vertebræ; that he had lost about thirty pounds since the accident, and that he felt no better today than he did right after it happened and that he is still plagued with headaches and pains in his back, and that there has been a great change in the plaintiff's nervous condition coupled with the fact that he is walking with an obvious deformity, this court cannot say that the verdict is so grossly excessive as to shock its conscience. Grand Trunk Western R. Co. v. Boylen, 7 Cir., 81 F.2d 91; Jones v. Atlantic Refining Co., D.C., 55 F.Supp. 17.

The motion for a new trial is denied.